FILED
May 10, 2011
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003482198

THE SUNTAG LAW FIRM
A Professional Corporation
DANA A. SUNTAG (California State Bar No. 125127)
ZOEY P. MERRILL (California State Bar No. 268331)
The Kress Building
20 North Sutter Street, Fourth Floor
Stockton, California 95202
Telephone: (209) 943-2004
Facsimile: (209) 943-0905

Attorneys for Chapter 7 Trustee
GARY R. FARRAR

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

IN RE:

ERIC RONALD MCMILLAN,

Debtor.

NO: 10-91937-E-7

DC No.: SLF-8

**MOTION FOR AUTHORIZATION TO SELL THE ESTATE'S INTEREST IN LIMITED PARTNERSHIPS**

Date: June 7, 2011
Time: 2:00 p.m.
Place: Department E
The Honorable Ronald H. Sargis

MOTION FOR AUTHORIZATION
TO SELL ESTATE'S INTEREST IN                    1
LIMITED PARTNERSHIPS

Chapter 7 Trustee Gary R. Farrar respectfully moves for authorization to sell the estate's interest, as a limited partner, in the following four limited partnerships:

1) 1.3448738 percent interest in Health & Wellness Center, L.P., a California limited partnership ("H&W"). H&W is the owner of a medical building and facility located at 1801 Colorado Avenue, Turlock, California;

2) 6.6666667 percent interest in Eterna Medi-Spa, L.P., a California limited partnership ("Eterna"), Eterna is a spa located in the medical building;

3) 24.7441860 percent interest in Health & Wellness Surgery Center, L.P., a California limited partnership (H&W Surgery"). H&W is the surgery center located in the medical building; and

4) 8.3333333 percent interest in Tower Restaurant, L.P., a California limited partnership ("Tower"). Tower subleases a restaurant facility in the medical building to a third party that operates a restaurant there.

(Collectively, the "Partnerships").

Under the proposed sale, HWC Management, Inc., a California corporation ("HWC") (the general partner of H&W, H&W Surgery, and Tower, and a limited partner in Eterna), will buy the estate's interest in the Partnerships for $25,000.

The Trustee believes the sale is in the best interests of the creditors and this Court should approve it pursuant to Bankruptcy Code Section 363(b).

The Trustee represents the following:

1. On May 20, 2010, the Debtor filed this case. Gary R. Farrar is the Chapter 7 Trustee.

2. In the Bankruptcy Case, the Debtor scheduled an interest in each of the Partnerships. He valued each as "undetermined", and did not claim any portion exempt.

3. The Debtor is a physician, and each of the partnerships operates in the medical facility, at which the Debtor also was practicing. (Farrar Decl., ¶ 2).

4. The Debtor did not schedule any liens against his interests in the Partnerships and the Trustee is unaware of any liens. (Farrar Decl. ¶ 3).

5. The Trustee entered into negotiations with HWC for a possible sale to it of the estate's interests in the Partnerships. (Farrar Decl. ¶ 4). There were substantial negotiations. On or about February 7, 2011, the Trustee and his counsel met with HWC's principal and its counsel to discuss a possible sale. There were offers and counteroffers and subsequent negotiations by conference call. (Farrar Decl., ¶ 5).

6. As a result of the negotiations, the Trustee and HWC reached an agreement under which HWC agreed to buy the estate's interest in the Partnerships for $25,000 (the "Purchase Amount"). The parties have entered into a proposed sales agreement documenting this (collectively, the "Sale"). (Farrar Decl. ¶ 6, Ex. A).

7. The Sale is conditional on this Court granting this motion and the Trustee is amenable to overbidding at the hearing on terms that are agreeable to this Court. (Farrar Decl. ¶ 7).

8. Bankruptcy Code Section 363(b) provides that a trustee, after notice and a hearing, may sell property of the bankruptcy estate other than in the ordinary course of business.

9. The Trustee believes the Sale is in the best interests of creditors. To make this determination, the Trustee obtained advice from his CPA, Paul Quinn. Mr. Quinn reviewed the relevant books and records of the Partnerships and determined that the Purchase Amount is a reasonable amount based on the financial track record of the Partnerships and because there could be tax liabilities associated with them. Further, the estate's interest in the Partnerships is likely worth more to HWC than it would be to a third party because HWC is the general partner of H&W, H&W Surgery, and Tower (and a limited partner in Eterna), and, therefore, has a unique interest in all of them. (Farrar Decl., ¶ 8).

10. The CEO of HWC has sought consents from the other limited partners of H&W to the sale to HWC. (H&W is the most profitable of the Partnerships.) He has obtained

written consent to the sale from 46 of the 50 limited partners in H&W (representing 125 units out of 144 units).

WHEREFORE, the Trustee respectfully requests that the Court grant this motion and that it grant such other and further relief as is appropriate.

Dated: May 10, 2011

THE SUNTAG LAW FIRM
A Professional Corporation

By: /s/ Dana A. Suntag
DANA A. SUNTAG
Attorneys for Chapter 7 Trustee
GARY R. FARRAR